USDS SDNY
DOCUMENT
ELECTRON...
DOC #: _____
DATE FILED: 9/23/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AOL TIME WARNER, INC. SECURITIES & "ERISA" LITIGATION | MDL Docket No. 1500<br>02 Civ. 5575 (S~~WK~~) CM |

## [~~PROPOSED~~] ORDER FOR SECOND DISTRIBUTION OF NET SETTLEMENT SUM AND DOJ FUNDS, AND PAYMENT OF ADDITIONAL EXPENSES AND ATTORNEYS' FEES

This matter came before the Court on the motion of the Minnesota State Board of Investment, Lead Securities Plaintiff, for an order authorizing (1) a second distribution of the Net Settlement Sum and DOJ Funds, and (2) payment of additional expenses incurred by Lead Securities Counsel and Gilardi & Co., LLC ("Gilardi"), the Court-approved settlement administrator, and (3) payment of attorneys' fees related to litigation of BizProLink, LLC's claim to DOJ Funds dedicated exclusively to members of the Securities Class.

The Court having considered Lead Securities Plaintiff's written submissions, including the declarations of Bruce H. Cozzi and Dylan J. McFarland, and all of the files, records, and proceedings herein, and there appearing to be good cause to grant the relief requested,

IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions set forth in the Stipulation of Settlement dated as of September 22, 2005, and all such defined terms used in this Order shall have the same meaning.

2.  The Court has exclusive and continuing jurisdiction over all parties to this action, including all members of the Securities Class, over the subject matter of the Securities Class Action, and over all matters pertaining to the implementation and administration of the Settlement, including distribution of the remaining Net Settlement Sum and DOJ Funds.

3.  Lead Securities Plaintiff's motion for a second distribution of the Net Settlement Sum and DOJ Funds and for payment of additional expenses and attorneys' fees is GRANTED.

4.  All administrative actions taken by Gilardi with respect to administration of the Settlement, including the procedures used to administer claims, decisions to allow or disallow claims, determination of allowed amounts of claims, and submission of reports to tax authorities and payment of income tax liabilities incurred by the Settlement Sum, are approved and adopted.

5.  The following amounts shall be disbursed from the remaining Settlement Sum:

    (a)  Unpaid fees and related settlement administration expenses of Gilardi in the amount of $170,561, as described in the Declaration of Bruce H. Cozzi submitted in support of Lead Securities Plaintiff's motion;

    (b)  Amounts necessary to pay future settlement administration fees and expenses of Gilardi, as they arise, related to the second distribution;

    (c)  Unpaid expenses of Lead Securities Counsel in the amount of $127,400.50, as described in the Declaration of Dylan J. McFarland submitted in support of Lead Securities Plaintiff's motion;

    (d)  Fees of Lead Securities Counsel, in the amount of $207,433.75, incurred in defending the Settlement against the claim of BizProLink, LLC to the DOJ Funds, as described in the Declaration of Dylan J. McFarland submitted in support of Lead Securities Plaintiff's motion;

(e) All unreimbursed and future escrow agent fees and other incidental expenses incurred in connection with maintenance of the Settlement Fund and DOJ Funds; and

(f) All unpaid and future federal and state income tax liabilities arising from investment of the Settlement Sum and DOJ Funds, and all tax-related fees and expenses.

6. $10,926,659.19 of the Settlement Sum shall be retained in the existing Reserve Fund and withheld from distribution to Authorized Claimants for the purpose of paying recently reissued distribution checks and distribution checks to be reissued in response to future requests by Authorized Claimants; paying future settlement administration expenses and expenses incurred by Lead Securities Counsel, estimated future escrow fees, state and federal tax liabilities, tax-related expenses and other incidental expenses expected to accrue to the Settlement Sum and DOJ Funds through completion of the distribution process; correcting any distribution deficiencies; making equitable adjustments regarding claims; and meeting any unforeseen contingencies related to the distribution. In addition, $576,524.66 of the DOJ Funds shall be reserved for the purpose of paying recently reissued distribution checks, distribution checks to be reissued in response to future requests by Authorized Claimants, and approved late claims. The reserved Settlement Sum and DOJ Funds shall be retained until all disputed claims have been resolved by Gilardi or adjudicated by this Court.

7. After payment of the fees and expenses pursuant to Paragraph 5 of this Order and reservation of the amounts set forth in Paragraph 6 of this Order, Gilardi shall distribute, in accordance with the accompanying Declaration of Bruce H. Cozzi, the Plan of Distribution previously approved by the Court, and the terms of this Order, the remaining balance of the Net Settlement Sum and all remaining DOJ Funds to Authorized Claimants entitled to receive at least

ten dollars ($10.00) as a combined share of the Net Settlement Sum and DOJ Funds. The distribution shall commence as soon as practicable after entry of this Order.

8. Checks sent to Authorized Claimants receiving a second distribution payment shall be accompanied by a letter informing Authorized Claimants that their payments represent their pro rata share of the distribution of the residual Net Settlement Sum. The checks shall be valid for 90 days from the date they are issued. Checks that are not presented for payment within that time shall be null and void, and the funds that would have paid those checks shall be forfeited and shall remain part of the Net Settlement Sum and DOJ Funds.

9. August 1, 2009 shall be the final deadline for submission of any claims to the Settlement Sum or DOJ Funds and any documentation in support of claims, after which date Gilardi shall no longer accept or consider any such claims or supporting documentation.

10. Notice of the second distribution of the Net Settlement Sum and DOJ Funds shall be placed on the web site maintained by Gilardi & Co., LLC for purposes of this action (www.aoltimewarnersettlement.com).

11. Neither Gilardi, the parties to the Settlement, Lead Securities Counsel, other counsel of record, Securities Class members, nor any employees or agents thereof shall be liable in damages or any other relief for any acts or omissions in connection with the Settlement or its administration, including without limitation any distribution of the Net Settlement Sum or DOJ Funds.

12. Lead Securities Counsel may submit one or more supplemental requests for reimbursement of future expenses incurred in this matter.

13. The Court shall retain jurisdiction with respect to all matters related to the administration and implementation of the Settlement, specifically including the second distribution of the Net Settlement Sum and DOJ Funds.

14. There is no just reason for delay in the entry of this Order as a final order of the Court; and accordingly, the Clerk of Court shall immediately enter this Order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated: 21 Sept, 2009

_____
The Honorable ~~Shirley Wohl Kram~~ Colleen McMahon
U.S. District Court Judge